**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

Cheryl and Mark Munn,

          Plaintiffs,

v.

Law Office of J.A. Cambece, Henry Lendoff;
and DOES 1-10, inclusive,

          Defendants.

: Civil Action No. 3:10CV 246 (WWE)
:
:
:
:
:
: **COMPLAINT**
:
:
:

---

For this Complaint, the Plaintiffs, Cheryl and Mark Munn, by undersigned counsel, state as follows:

## JURISDICTION

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    The Plaintiff, Cheryl Munn ("Cheryl"), is an adult individual residing in Enfield, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    The Plaintiff, Mark Munn ("Mark" together with Cheryl, the "Plaintiff"), is an

1

adult individual residing in Enfield, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.      The Defendant, Law Office of J.A. Cambece and Henry Lendoff ("J.A. Cambece"), is a business entity with an address of 8 Bourbon Street, Peabody MA 01960, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by J.A. Cambece and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      The Defendants at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9.      The Plaintiffs incurred a financial obligation (the "Debt") to a Creditor (the "Creditor").

10.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to J.A. Cambece for collection, or J.A. Cambece was employed by the Creditor to collect the Debt.

12.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

2

## B. J.A. Cambece Engages in Harassment and Abusive Tactics

13.     The Defendants telephone the Plaintiffs no less than six times a week.

14.     The Defendants have contacted third parties regarding the Plaintiffs.

15.     Due to the Defendants' excessive phone calls to the Plaintiffs, Cheryl has suffered painful headaches to which she has been prescribed the prescription drug, vicoden.

16.     The Defendants laugh at Cheryl during telephone calls.

17.     In his telephone communications, the Defendant, Henry Lendoff, claims to be an attorney employed by J.A. Cambece.

18.     The Defendant Henry Lendoff, is not licensed to practice law in the states of Connecticut, or Massachusetts.

## C. Plaintiffs Suffered Actual Damages

19.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22.     The Plaintiffs incorporate by reference all of the above paragraphs of this

3

Complaint as though fully stated herein.

23.    The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

24.    The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

25.    The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiffs after having knowledge that the Plaintiffs were represented by an attorney.

26.    The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau.

27.    The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumers.

28.    The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

29.    The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiffs into believing the communication was from a law firm or an attorney.

30.    The Defendants' conduct violated 15 U.S.C. § 1692i(a)(2) in that Defendants instituted a legal action in a location other than where the contract was signed or where the Plaintiffs reside.

4

31.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32.     The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiffs were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Connecticut.

36.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

5

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 17, 2010

Respectfully submitted,

By

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorney for Plaintiffs

6